[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15725
This matter is an appeal by the State of Connecticut, Department of Social Services (hereinafter, "DDS") from a decision by the Family Support Magistrate (Lifshitz, H.) dated May 21, 2001 (although the appeal claims the decision was February 26, 2001). The following facts and procedural history are relevant to the court's disposition of this appeal.
This case originated in the Magistrate's Court by the filing of a Support Petition by the petitioner, Julie Bushey, on behalf of DDS alleging that the respondent, Antonio Mendez, was the legally liable parent of Jena Bushey, a child receiving support services from DDS. The Support Petition and the Verified Statement of Facts which alleged, inter alia, that the respondent acknowledged paternity were dated February 23, 2001 and filed April 10, 2001 after proper service was made upon the respondent. On May 21, 2001 the Magistrate Court held a hearing on the Support Petition. Attached to the Verified Statement of Facts was a photocopy of an Acknowledgment of Paternity which was properly executed by the respondent on February 22, 2001 but lacked the place of birth of the minor child. At the hearing the Guardian ad Litem for the minor child appointed by Magistrate Lifshitz proffered another Acknowledgment of Paternity dated May 21, 2001 and executed prior to the hearing. The issue on appeal is whether or not the claim for past due support relates back three (3) years from February 22, 2001 or May 21, 2001.
Section 46b-160 of the Connecticut General Statutes sets out the procedure for the filing of the Support Petition and related matters. Subsection (a) provides in relevant part "provided liability for past support shall be limited to the three years next preceding the date of the filing of any such petition". Section 46b-162 provides for the State to bring such petition. Section 46b-172 (a)(1) provides as follows "[I]n lieu of or in conclusion of proceedings under Section 46b-160, a written acknowledgment of paternity executed and sworn to by the putative father of the child . . . shall have the same force and effect as a judgment of the Superior Court". Section 46b-172 (a)(2) allows the mother and the acknowledged father to rescind such acknowledgment within sixty days or at a later date after the recission period based upon fraud, duress ormaterial mistake (emphasis added). Neither the petitioner or respondent rescinded the February 22, 2001 Acknowledgment of Paternity.
A reading of the transcript of the May 21, 2001 leads this court to believe the Magistrate's Court gave short shrift to the proffer by the State of the acknowledgment of February 22, 2001 and totally relied upon the representations by the Guardian ad Litem that said acknowledgment was defective because it was a photocopy and lacked the place of birth of the CT Page 15726 minor child. In addition, the Guardian ad Litem further represented to the court that the parties could work out the payment of the support that would be due for the period of February 22, 2001 and May 21, 2001. The Magistrate failed to inquire as to the validity of the February 22, 2001 Acknowledgment and failed to determine the proper support arrearage. Which actions were arbitrary, capricious, abuse of discretion and constituted error of law.
The court sustains the appeal by the State and remands the case to the Magistrate's C6urt with direction to include the period from February 22, 2001 to May 21, 2001 in the support arrearage.
BY THE COURT
John R. Caruso, J.